**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, NJ 07101-0652
Attorneys for Defendant JetBlue Airways Corporation
AS-7203

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RAMSEY ABDALLAH, individually and as Guardian for RIYANNA ABDALLAH, and GHADEER ABBASI, Individually and as Guardian for RIYANNA ABDALLAH<br><br>Plaintiffs,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION, and JOHN DOES 1-10<br><br>Defendants. | Civil Action No. 2:14-cv-01050-JLL-MAH<br><br>**ANSWER** |

Defendant JetBlue Airways Corporation ("Defendant" or "JetBlue"), through its attorneys, hereby responds to the numbered allegations of the Complaint as follows:

1. Denies every allegation contained in Paragraph 1 of the Complaint.

2. Denies every allegation contained in Paragraph 2 of the Complaint.

**AS TO JURISDICTION**

3. Denies the allegations of Paragraph 3 of the Complaint, except that JetBlue admits that this Court has subject matter jurisdiction.

## AS TO VENUE

4. JetBlue admits that venue is proper in this district.

## AS TO THE PARTIES

5. JetBlue denies having knowledge or information sufficient to form a belief as to the allegations of paragraph 5 of the Complaint.

6. JetBlue denies having knowledge or information sufficient to form a belief as to the allegations of paragraph 6 of the Complaint.

7. JetBlue denies having knowledge or information sufficient to form a belief as to the allegations of paragraph 7 of the Complaint.

8. JetBlue admits that it is an air carrier and a corporation. At December 31, 2013, JetBlue served 82 destinations in 25 states, the District of Columbia, the Commonwealth of Puerto Rico, the U.S. Virgin Islands, and 15 countries in the Caribbean and Latin America, including Newark Liberty International Airport ("Newark Airport").

9. JetBlue denies having knowledge or information sufficient to form a belief as to the allegations of paragraph 9 of the Complaint.

## AS TO FACTS

10. JetBlue denies having knowledge or information sufficient to form a belief as to the allegations of paragraph 10 of the Complaint.

11. Denied, except that JetBlue admits that, on May 8, 2012, Plaintiffs were asked to come off the aircraft they had boarded for their JetBlue flight from Ft. Lauderdale/Hollywood Airport with service to Newark Airport, and come to the gate, and that unrelated customers were also asked to come off the aircraft and come to the gate, and that JetBlue denies having

knowledge or information sufficient to form a belief as to whether these unrelated customers are Muslim.

12. JetBlue denies having knowledge or information sufficient to form a belief as to the allegations of paragraph 12 of the Complaint, except that JetBlue admits that the Plaintiffs have flown on JetBlue flights on other occasions, with and without their daughter, including flights between Newark and Fort Lauderdale/Hollywood Airport.

13. Denied, except that JetBlue admits that, on May 8, 2012, Plaintiffs checked in, were provided boarding passes, checked their luggage, which was placed on the aircraft, passed through a departure gate checkpoint administered by the TSA, and were permitted to board and be seated on the aircraft, and that, to that point, Plaintiffs were not set aside for additional screening or advised that there was any security problem with their presence on the flight.

14. Denies every allegation contained in Paragraph 14 of the Complaint.

15. Denied, except that JetBlue admits that a JetBlue employee asked an unrelated family to come off the aircraft and return to the gate, and that JetBlue denies having knowledge or information sufficient to form a belief as to the whether the members of the unrelated family are Muslim.

16. Denied, except that JetBlue admits that a JetBlue supervisor asked the Plaintiffs to come off the aircraft and come to the gate.

17. Denies every allegation contained in Paragraph 17 of the Complaint.

18. Denies every allegation contained in Paragraph 18 of the Complaint.

19. Denied, except that JetBlue admits that Plaintiffs complied with the request by JetBlue personnel and came off the aircraft.

20. Denied, except that JetBlue admits that Plaintiffs were standing outside the departure gate.

21. JetBlue denies having knowledge or information sufficient to form a belief as to the allegations of paragraph 21 of the Complaint, except that JetBlue admits that the other customers who were asked to come off the aircraft were a couple with a young child.

22. Denied, except that JetBlue admits that Plaintiffs remained outside the flight gate for a period of time and that JetBlue did not indicate that Plaintiffs were or were not free to leave.

23. Denied, except that JetBlue admits that it had contacted the TSA, that it determined that Riyanna Abdallah was not on a "No-Fly" list and did not pose a security concern in any manner, and JetBlue stated that Plaintiffs could reboard the aircraft.

24. JetBlue denies having knowledge or information sufficient to form a belief as to the allegations of paragraph 24 of the Complaint, except that JetBlue admits that Plaintiffs asked for their checked-in baggage, that JetBlue advised them that the baggage could not be removed from the aircraft, that the baggage traveled to Newark Airport on the flight, and that the Plaintiffs did not.

25. JetBlue denies having knowledge or information sufficient to form a belief as to the allegations of paragraph 25 of the Complaint.

26. Denied, except that JetBlue admits that it stated that it believed the incident was caused by a computer glitch.

27. Denied, except that JetBlue admits that the Atlanta Journal-Constitution quoted the TSA as stating the language recited in paragraph 27 of the Complaint.

28. Denies every allegation contained in Paragraph 28 of the Complaint.

## AS TO COUNT ONE

29. JetBlue repeats its responses to the paragraphs above.

30. Denies every allegation contained in Paragraph 30 of the Complaint.

31. JetBlue denies that it imposed any additional restrictions on protected minorities in order to receive service.

32. Denied, and JetBlue denies that Plaintiffs were detained in any contrived extra security measures imposed by JetBlue.

33. Denies every allegation contained in Paragraph 33 of the Complaint.

## AS TO COUNT TWO

34. JetBlue repeats its responses to the paragraphs above.

35. Denies every allegation contained in Paragraph 35 of the Complaint.

36. Denies every allegation contained in Paragraph 36 of the Complaint.

37. Denies every allegation contained in Paragraph 37 of the Complaint.

38. Denies every allegation contained in Paragraph 38 of the Complaint.

39. Denies every allegation contained in Paragraph 39 of the Complaint.

## AS TO COUNT THREE

40. JetBlue repeats its responses to the paragraphs above.

41. Denies every allegation contained in Paragraph 41 of the Complaint

42. Denies every allegation contained in Paragraph 42 of the Complaint.

43. Denies every allegation contained in Paragraph 43 of the Complaint.

44. Denies every allegation contained in Paragraph 44 of the Complaint.

## AS TO COUNT FIVE

45. JetBlue repeats its responses to the paragraphs above.

46. Denies every allegation contained in Paragraph 46 of the Complaint.

47. Denies every allegation contained in Paragraph 47 of the Complaint.

48. Denies every allegation contained in Paragraph 48 of the Complaint.

49. Denies every allegation contained in Paragraph 49 of the Complaint.

50. Denies every allegation contained in Paragraph 50 of the Complaint.

51. Denies every allegation contained in Paragraph 51 of the Complaint.

## AS TO COUNT SIX

52. JetBlue repeats its responses to the paragraphs above.

53. Admitted.

54. Denies every allegation contained in Paragraph 54 of the Complaint.

55. Denies every allegation contained in Paragraph 55 of the Complaint.

## AS TO COUNT NINE

56. JetBlue repeats its responses to the paragraphs above.

57. Denied, except that JetBlue admits that it is responsible for required training, instruction, and supervision of JetBlue employees and that JetBlue employees acted within the scope of their employment.

58. Denies every allegation contained in Paragraph 58 of the Complaint.

59. The allegations of this paragraph are legal contentions, as to which no response is required, but, to the extent that these allegations can be read to assert that JetBlue employees engaged in illegal profiling or discrimination, or that JetBlue failed to provide required training, instruction, or supervision, they are denied.

60. Denies every allegation contained in Paragraph 60 of the Complaint.

61. Denies every allegation contained in Paragraph 61 of the Complaint.

## SEPARATE DEFENSES

Without assuming the burden of proof on any issue as to which the burden of proof is on Plaintiffs under applicable law, JetBlue asserts the following separate defenses:

### FIRST SEPARATE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

Plaintiffs' claims are barred in whole or in part by the immunity afforded to air carriers under the Aviation and Transportation Security Act, 49 U.S.C. §§ 44901 et seq.

### THIRD SEPARATE DEFENSE

JetBlue acted in accordance with 49 U.S.C. § 44902, which provides, in relevant part:

> Subject to regulations of the Under Secretary, an air carrier, intrastate air carrier, or foreign air carrier may refuse to transport a passenger or property the carrier decides is, or might be, inimical to safety.

### FOURTH SEPARATE DEFENSE

JetBlue had a rational basis for its actions.

### FIFTH SEPARATE DEFENSE

JetBlue did not act in a manner that was arbitrary or capricious.

### SIXTH SEPARATE DEFENSE

Plaintiffs' claims are barred in whole or in part by the immunity afforded to air carriers by 49 U.S.C. § 44941, which provides, in relevant part, that an air carrier shall not be civilly

liable to any person for a voluntary disclosure to an airport security officer, including an employee of the Transportation Security Administration, of any suspicious transaction relevant to a possible violation of law or regulation, relating to air piracy, a threat to aircraft or passenger safety, or terrorism, unless that disclosure is made with actual knowledge that the disclosure was false, inaccurate, or misleading, or is made with reckless disregard as to the truth or falsity of that disclosure.

### SEVENTH SEPARATE DEFENSE

Any recovery or equitable relief is barred by JetBlue's qualified immunity in its role as an enforcer of national security rules and regulations.

### EIGHTH SEPARATE DEFENSE

Plaintiffs' claims are preempted, in whole or in part, by the Federal Aviation Act, the Federal Aviation Reauthorization Act, the Airline Deregulation Act, the Aviation and Transportation Security Act of 2001, the Airport Security Improvement Act of 2000, and the Air Transportation Security Act of 1974, and all applicable federal regulations, including those promulgated by the Transportation Security Administration and the Department of Homeland Security.

### NINTH SEPARATE DEFENSE

Plaintiffs' claims and JetBlue's defenses involve Sensitive Security Information ("SSI"), and, to the extent that Plaintiffs' claims or JetBlue's defenses are impaired by the inability to obtain and/or use SSI in this lawsuit, Plaintiffs' claims must be dismissed.

### TENTH SEPARATE DEFENSE

Pursuant to tariffs on file with the Department of Transportation of the United States and pursuant to JetBlue's Conditions of Carriage as set forth in the relevant contract of

transportation, JetBlue is not liable to Plaintiffs or, in the alternative, JetBlue's liability is limited.

## ELEVENTH SEPARATE DEFENSE

JetBlue's actions were not the result of any unlawful discrimination.

## TWELFTH SEPARATE DEFENSE

JetBlue acted for legitimate, non-discriminatory reasons.

## THIRTEENTH SEPARATE DEFENSE

Plaintiffs were not denied the right to enter or equally enjoy the accommodations of JetBlue or the services attendant to those accommodations.

## FOURTEENTH SEPARATE DEFENSE

Plaintiffs were not denied the right to enter into or enjoy the privileges and benefits of a contract with JetBlue.

## FIFTEENTH SEPARATE DEFENSE

JetBlue determined that Plaintiffs and their child were not restricted from flying and informed Plaintiffs that they and their child were permitted to fly and could board the aircraft, but Plaintiffs declined.

## SIXTEENTH SEPARATE DEFENSE

After Plaintiffs declined to re-board the aircraft, JetBlue made arrangements for Plaintiffs and their child to fly on an alternative flight, but Plaintiffs decided not to travel on that flight.

## SEVENTEENTH SEPARATE DEFENSE

The alleged acts and/or omissions of JetBlue were not the legal or proximate cause of any injuries to Plaintiffs.

## EIGHTEENTH SEPARATE DEFENSE

The incident and any resulting damages were caused in whole or in part by others.

## NINETEENTH SEPARATE DEFENSE

JetBlue did not act with intent to discriminate.

## TWENTIETH SEPARATE DEFENSE

Plaintiffs' claims are barred in whole or in part by the statute of limitations.

## TWENTY-FIRST SEPARATE DEFENSE

Plaintiffs' claims for exemplary, punitive, or additional damages are barred in whole or in part because any award of such damages would violate Defendant's constitutional rights, including, without limitation, the Due Process and Equal Protection provisions of the Fourteenth Amendment of the United States Constitution and the Due Process provision of the New Jersey State Constitution, and such claims are subject to limitation as set forth in Article 1, Paragraph 12 of the New Jersey State Constitution and the Punitive Damages Act, N.J.S.A § 2A:15-5.9 *et seq*.

Defendant reserves and does not waive the right to assert any and all defenses at such time and to such extent as discovery and factual developments establish a basis therefore.

WHEREFORE, Defendant demands judgment dismissing the Complaint in its entirety, and an award of costs and attorneys' fees for the defense of this action.

**McCARTER & ENGLISH, LLP**
Attorneys for Defendant
JetBlue Airways Corporation

By: _____/s/_____
        Adam N. Saravay

Dated: May 1, 2014

ME1 17685847v.1

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that to the best of his knowledge and belief, the matter in controversy is not currently the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                    **McCARTER & ENGLISH, LLP**
                                    Attorneys for Defendant
                                    JetBlue Airways Corporation

By: _____/s/_____
            Adam N. Saravay

Dated:  May 1, 2014